IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JIMMY POWELL                                                                                    PLAINTIFF

VERSUS                                                    CIVIL ACTION NO.  1:14cv462-RHW

TIMOTHY MORRIS, *et al.*                                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court are two motions for summary judgment filed by the Defendants in this prisoner civil rights lawsuit: motion [26] filed June 1, 2015 by Champlain Eugene Wigglesworth, Chaplain Kenneth Powell[1] and Timothy Morris (MDOC Defendants), and motion [34] filed August 17, 2015 by Roger Davis and Gene Newsome.  Also before the Court is [42] Plaintiff's October 16, 2015 motion to dismiss or strike the summary judgment motion filed by Wigglesworth, Powell and Morris.  All motions are ripe for ruling.

Facts and Procedural History

Jimmy Powell, # 48033,[2] is presently serving sentences in the Mississippi Department of Corrections (MDOC) for three convictions of armed robbery in Mississippi, two from Copiah County (15 and 20-year sentences), and one from Rankin County (life sentence).  He filed this lawsuit December 29, 2014 while housed at South Mississippi Correctional Facility (SMCF). Powell testified he has been at SMCI since 2006 or 2007.  Powell alleges Warden Timothy Morris denied him daily yard call in June, July and August 2014.[3]  He complains that Chaplains

---

[1] Chaplain Powell is referred to with his title to avoid confusion since he and the Plaintiff have a common surname.

[2] Powell is also known as Jamel Ansaaru El Majid, according to his complaint.  The Court uses the name under which he is incarcerated.

[3] Powell admits in his pleadings that during that time the administration was having problems with gang activity and staff shortages.  [2]

Kenneth Powell and Eugene Wigglesworth violated his constitutional right of free exercise of religion by failing to give food directors permission to provide him Muslim/Halal meals and failing to provide Taleem study classes.

Roger Davis and Gene Newsome are employees of Valley Services, Inc., which contracts with MDOC to provide food services to SMCI. Powell alleges Davis and Newsom refused to order or prepare Muslim meals for him, and complains that they allowed homosexual inmates to prepare and serve food or to work in the kitchen.

On April 9, 2015, the Court conducted a *Spears*/omnibus hearing to screen the case. All parties have consented to the exercise of jurisdiction by the United States Magistrate pursuant to 28 U.S.C. § 636(c) and FED.R.CIV.P. 73, and the case has been reassigned to the undersigned for all further proceedings. [36], [37]

## Summary Judgment Standard

Under Rule 56, FED.R.CIV.P., a motion for summary judgment shall be granted "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." A material fact is one that might affect the outcome of the suit under the governing law; a genuine dispute exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, the Court views the evidence and draws reasonable inferences most favorable to the non-moving party. *Abarca v. Metropolitan Transit Authority*, 404 F.3d 938, 940 (5th Cir. 2005).

The party who bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). One seeking summary judgment bears the initial burden of identifying those portions of the pleadings and

discovery on file, and any affidavits, which he believes demonstrate the absence of a genuine issue of material fact. *Id.*, at 325. If the movant fails to show the absence of a genuine issue concerning any material fact, summary judgment must be denied, even if the non-movant has not responded to the motion. *John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985). However, once the movant carries his burden, the burden shifts to the non-movant to show that summary judgment should not be granted. The non-movant may not rest upon mere allegations or denials, but must set forth specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324-325. To satisfy this burden, the nonmovant must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue as to a material fact exists. *Id.* at 324; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (holding the non-movant must bring forth significant probative evidence demonstrating the existence of a triable issue of fact to survive summary judgment). Conclusory allegations, unsubstantiated assertions or the presence of a scintilla of evidence, will not suffice to create a real controversy regarding material facts. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990); *Hopper v. Frank*, 16 F.3d 92, 97-98 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

<u>MDOC Defendants' Motion</u>

Timothy Morris, Chaplain Kenneth Powell and Chaplain Wigglesworth (MDOC Defendants) seek summary judgment on grounds that Powell failed to exhaust available administrative remedies (ARP) prior to filing suit. There is no dispute that Powell was an MDOC inmate at all times pertinent to this action, or that an administrative remedy program exists to address inmates' complaints. Since 2010, the MDOC Administrative Remedy Program

has consisted of a two-step process, which begins with an inmate's submitting his grievance to the prison's legal claims adjudicator within thirty days of the incident of which he complains. *Howard v. Epps*, 2013 WL 2367880, at *2 (S.D. Miss. 2013). The adjudicator screens the grievance to determine whether to accept it into the ARP process. If accepted, the grievance is forwarded to the appropriate official who issues a First Step Response to the inmate's complaint. If the inmate is dissatisfied with the response, he may continue to the second step by completing the appropriate form and sending it to the legal claims adjudicator. The Superintendent, Warden or Community Corrections Director of the facility will issue a Second Step Response. If the inmate is still not satisfied with the response, he may file suit in court. *Id.*

In support of their motion, MDOC Defendants present the ARP grievances which Powell submitted before he filed this lawsuit, along with affidavits from Joseph Cooley, custodian of Administrative Remedy Program records at SMCI. These documents establish that although Powell filed two ARP grievances concerning food, he did not complete the ARP process as to either of them. Powell filed ARP grievance SMCI-13-2607 on November 6, 2013 complaining about his diet tray, objecting to homosexuals preparing/serving his meal trays or working in the dining hall, and suggesting that Muslims be assigned to work in the dining hall. He received the First Step response January 17, 2014, and did not appeal to the Second Step. [26-1]

On July 31, 2014, Powell filed another ARP grievance– SMCI-14-1691 – stating he wanted the Halal diet. The First Step response was mailed to Powell on September 4, 2014, and no further action was taken with respect to this ARP grievance. [26-2] During the screening hearing and in his response to motion [26], Powell admitted he file no ARP grievance regarding the lack of yard call, and that he did not file a grievance regarding Taleem services until two months after he filed this lawsuit. [43, pp. 2-3]

Exhaustion of administrative remedies through the prison grievance system is required *before* lawsuits may be filed under 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001); *Randolph v. London*, 400 Fed.Appx. 894, 895 (5th Cir. 2010)(citing *Jones v. Bock*, 549 U.S. 199, 202, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)).

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006)(holding "proper exhaustion of administrative remedies is necessary").

The Fifth Circuit takes "a strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed.Appx. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes..." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Dismissal is appropriate where an inmate has not properly exhausted the administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement – the grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358; *Roland v. Haven*, 241 Fed.Appx. 206 (5th Cir. 2007) (upholding dismissal of prisoner's § 1983 case alleging denial of medical care because prisoner failed to exhaust administrative remedies where he had filed a step one grievance, but failed to file the required step two grievance). "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). "Since

exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, ... judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.*, 596 F.3d at 272. Conclusory allegations that an inmate filed a grievance do not create a genuine dispute as to exhaustion. *Roark v. Flanery*, 2014 WL 4447451, at *6 (E.D. Tex. Sept. 9, 2014), appeal dismissed (Dec. 11, 2014) (citing *Kidd v. Livingston,* 463 Fed.Appx. 311, 2012 WL 614372 (5th Cir., February 28, 2012), *cert. denied,* 133 S.Ct. 36 (2012)).

Powell's admission in the screening hearing that he filed no ARP grievance about the lack of yard call, and that he did not file a grievance about Taleem services until after he filed this lawsuit mandates dismissal of those claims. Because the evidence before the Court establishes Powell also failed to pursue to completion, *i.e.* exhaust, his ARP grievances about his diet tray, Halal diet, or food preparation and service before filing this lawsuit, summary judgment is also appropriate as to those claims.

Gene Newsome and Roger Davis Motion

Newsome and Davis work for Valley Services, Inc. (VSI), which provides food service to SMCI under a contract with the MDOC. Davis was responsible for implementing the contract, and Newsome oversaw the fulfillment of the contract and supervised VSI's employees. The contract [34-1] and underlying request for proposal [34-2] are among the exhibits presented in support of this motion, as is Newsome's affidavit. [34-3] Those documents establish that VSI contracted with MDOC only to provide food services. Nothing in the contract permits or requires VSI or its employees to supervise, control or otherwise deal with any prisoners at SMCI, or to have any control or responsibility for the operation of the prison. Neither VSI nor its employees supervised or had any direct contact with prisoners or inmates, including Powell. The

VSI-MDOC contract does not allow VSI employees to accept any requests or directions from any prisoners or inmates.  VSI and its employees only prepare meals on site in kitchens separate from the dining halls.  They do not serve the food to inmates.  After the food is prepared, individuals not employed by VSI transport it to the dining halls, where an MDOC representative signs for and takes custody of it and prisoners serve the meals to the other inmates.  Absent a directive from the MDOC, VSI and its employees are not allowed to deviate from the scheduled meals; this includes any dietary restrictions or requests for Muslim/Halal meals.  *See* [34-3], Gene Newsome affidavit; [34-1, p. 2] Section 2.1 of the contract indicating modified and special diet menus were "as determined by the Commissioner;"  and [34-3] and [34-4] the "Ramadan list" VSI received from MDOC in June 2015, which does not include Powell's name.

Powell alleges that Davis and Newsome refused to order or prepare Muslim meals for him, but he has presented nothing to show MDOC ever directed Davis and Newsome to do so, or that their employer's contract with MDOC permitted, much less obligated, them to do so.  Newsome and Davis had no authority to respond to any direct request from Powell regarding his diet.  To obtain relief under § 1983, Powell was required to show he was deprived of rights secured by the Constitution or laws of the United States, and that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988).  No evidence before the Court shows that Davis and Newsome were state actors, failing which they are not subject to liability under § 1983.  "Mere private conduct, no matter how discriminatory or wrongful is excluded from the reach of § 1983."  *Gomez v. Brisolara*, 2012 WL 3524631 (S.D. Miss. August 15, 2012) (citing *Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003)).   As the Court stated in *Blum v. Yatesky*, 457 U.S. 991, 1004 (1982), "Acts of private contractors do not become acts of

the State simply because they are performing public contracts." The Court finds Powell has failed to state a cause of action against Newsome and Davis, as these Defendants were not state actors or "acting under color of state law" when they prepared food for the inmates at SMCI pursuant to their employer's contract with MDOC. But even if they were, they would be entitled to dismissal for Powell's failure to exhaust administrative remedies.

<u>Jimmy Powell's Motion and Response</u>

On October 16, 2015, Powell moved to dismiss the MDOC Defendants' motion, asserting that failure to exhaust must be raised as a Rule 12(b) motion to dismiss rather than one for summary judgment, then if matters outside the pleadings are to be considered, the Court would be required to provide him notice that it would handle the motion as one for summary judgment. [42] The Court finds no merit in this argument. Plaintiff also states in motion [42] that he did not receive a copy of MDOC Defendants' June 1, 2015 summary judgment motion until September 28, 2015. In Order [41], entered September 30, 2015, the Court noted the certificate of service indicated counsel mailed a copy of the MDOC Defendants' motion to Powell the same day it was filed. The Court further stated:

> While the Court does not doubt the certificates of service appended to [15] the answer filed by Defendants Morris, Wigglesworth and Powell, and to [26] their motion for summary judgment, out of an abundance of caution, the Court will direct the Clerk to mail to Plaintiff copies of that answer and motion for summary judgment.

The Court also obviated any prejudice Powell might have claimed by granted him additional time, until October 23, 2015, to respond to the motion filed almost five months earlier, and the Court has considered Powell's response in ruling on Defendants' motions.

On October 16, 2015, Powell filed [43] a response in opposition to [15] the MDOC Defendants' answer and to [34] Davis and Newsome's August 17, 2015 motion for summary

judgment.  Powell also filed [44] a brief in opposition to Defendants' motions, in which he concedes that exhaustion of administrative remedies is required under 42 U.S.C. § 1997e(A), then responds to Defendants' motions by repeating his earlier allegations and asserting he filed grievances regarding getting a Halal diet.  However, Powell's failure to come forward with evidence that he *completed* the ARP process as to any such grievance, belies his conclusory allegation that he exhausted his administrative remedies.  It is therefore,

**ORDERED AND ADJUDGED** that the MDOC Defendants' motion for summary judgment is granted for Plaintiff's failure to exhaust administrative remedies prior to filing suit .  It is further,

**ORDERED AND ADJUDGED** that the motion of Defendants Newsome and Davis is granted for lack of evidence that these Defendants are state actors, or alternatively for Plaintiff's failure to exhaust administrative remedies prior to filing suit.  It is further,

**ORDERED AND ADJUDGED** that Plaintiff's motion to dismiss the MDOC Defendants' motion for summary judgment is denied.  A separate judgment will be entered.

**SO ORDERED**, this the 22nd day of February, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE